<pre>
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WISCONSIN
</pre>

PAUL G. ZARTER,

        Plaintiff,

v.                                    Case No. 12-C-1189

MICHAEL DITTMAN,

        Defendant.

## SCREENING ORDER

On November 26, 2012, Paul G. Zarter filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Waushara County Circuit Court of one count of sexual intercourse with a non-spousal child and one count of repeated sexual assault of a child. He was sentenced to 16 years imprisonment and 14 years of extended supervision. Petitioner is currently incarcerated at Redgranite Correctional Institution Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Although the decision of the Wisconsin Court of Appeals attached to the petition suggests that the state court decisions are not contrary to clearly established federal law and that the factual findings are not unreasonable in light of the record, I am unable to determine from the face of the petition and the attachments that petitioner is not entitled to relief. The central claim is that petitioner was denied his Sixth Amendment right to counsel both as a result of the ineffective representation provided by appointed counsel during pretrial proceedings and by the trial court's conclusion that petitioner had forfeited his right to counsel for the trial itself. Of particular concern is the state court's conclusion that petitioner forfeited his right to counsel. It is apparently undisputed that petitioner did not affirmatively waive his right to counsel. Indeed, the Wisconsin Court of Appeals noted that petitioner indicated that he "wanted someone to represent him 'as they were supposed to do.'" (A104.) Petitioner alleges that he wanted a new attorney because the two previously appointed attorneys failed to do anything to investigate his case.

A defendant may waive his right to counsel even without expressly indicating a desire to represent himself. *United States v. Alden*, 527 F.3d 653, 660 (7th Cir. 2008)("[A] defendant can waive his right to counsel through conduct as well as words.") (quoting *United States v. Oreye*, 263 F.3d 669, 670 (7th Cir.2001)). Mere dissatisfaction with one's attorney, however, does not establish a waiver. *See Fischetti v. Johnson*, 384 F.3d 140, 147 (3d Cir. 2004) ("Where, as here, there was no harm or delay to the judicial process in having Fischetti's court-appointed counsel continue representation, forfeiture was not appropriate under our precedent."). Regardless of whether the waiver is express or implied, it must be knowing and voluntary. *Alden*, 527 F.3d at 660. Based on the allegations in the petition, I conclude that petitioner has stated a claim that cannot be summarily dismissed. Petitioner has asserted other claims which are to some extent derivative of his Sixth

2

Amendment claim and, thus, need not be addressed separately. Accordingly, the case will proceed and a response will be ordered as to each of petitioner's claims.

**THEREFORE, IT IS ORDERED** that within 45 days of the date this order was efiled the respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits. Because Petitioner's filings will be electronically scanned and entered on the docket

upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF if the respondent will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The Department of Justice will provide the pleadings to the respondent on whose behalf they have agreed to accept service of process.

Dated this  27th  day of December, 2012.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Judge
